**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

CLIFFORD WIGGS, a/k/a Wiz,
           *Defendant-Appellant.*

No. 98-4050

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

DAVID FIELDS,
           *Defendant-Appellant.*

No. 98-4215

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-194)

Argued: April 5, 2001

Decided: September 11, 2001

Before WILKINS, KING, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

**ARGUED:** Michael S. Seekings, MULLEN, WYLIE & SEEKINGS, Charleston, South Carolina for Appellant Wiggs; James Kevin Holmes, THE STEINBERG LAW FIRM, Charleston, South Carolina, for Appellant Fields. Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee. **ON BRIEF:** Scott N. Schools, United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Clifford Wiggs and David Fields (collectively, "Appellants") appeal their convictions and sentences for offenses related to their involvement in a drug trafficking conspiracy, arguing, *inter alia*, that they were sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm in part, vacate in part, and remand for resentencing of Wiggs.

I.

The drug transactions at the heart of Appellants' criminal conduct occurred in the early 1990s in Beaufort, South Carolina. Appellants sold cocaine base, which they often obtained from Katrina Yates. After completing drug transactions, Appellants would sometimes wire the proceeds to Yates to facilitate the purchase of additional cocaine base.

Wiggs and Fields had numerous encounters with law enforcement before they were indicted in 1995. For example, Wiggs was arrested in 1993 when law enforcement officers approached Wiggs in a super-

market while responding to a call about an individual possessing a weapon. Wiggs dropped a bottle containing cocaine base and subsequently denied ownership of the bottle and gave the officers a false name. Outside the supermarket, the officers observed Fields waiting by a vehicle in which they found a firearm. On another occasion in 1993, officers observed Wiggs drop a container of cocaine base across a fence as the officers attempted to speak with him.

A federal grand jury returned an indictment against Katrina Yates in June 1995, and a superseding indictment named Wiggs and Fields and four other defendants. Count One of a 22-count superseding indictment charged Wiggs, Fields, and others with conspiring to possess with the intent to distribute and to distribute an unspecified quantity of cocaine and cocaine base between January 1, 1991 and September 13, 1995. *See* 21 U.S.C.A. § 846 (West 1999). Fields also was charged in Count Seven with possessing with the intent to distribute an unspecified quantity of cocaine base. *See* 21 U.S.C.A. § 841(a) (West 1999). Count Eight charged Yates, Fields, and Wiggs with conspiring to commit money laundering. *See* 18 U.S.C.A. § 1956(h) (West 2000). Finally, Count Nine charged Wiggs with money laundering, and Counts 10-16 charged Fields with the same offense. *See* 18 U.S.C.A. § 1956(a) (West 2000).

Following a trial, Fields and Wiggs were convicted on all counts. The district court determined Fields' offense level to be 43, resulting in a presumptive life sentence under the guidelines. *See United States Sentencing Guidelines Manual*, Ch. 5, Pt. A (1997) (sentencing table). The district court imposed a sentence of life imprisonment for Count One and 240-month concurrent sentences for each remaining count. As for Wiggs, the district court determined his offense level to be 37, resulting in a guideline range of 360 months to life imprisonment. However, the court concluded that a life sentence was statutorily required for Count One based on its findings that Wiggs was responsible for 50 grams or more of cocaine base and had two prior felony drug convictions. *See* 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2001). The court also imposed concurrent 240-month sentences for each of the remaining counts.

## II.

Although Appellants raise numerous allegations of error and have filed pro se and supplemental briefs, only their contention that their sentences violated *Apprendi* warrants discussion. Fields and Wiggs maintain that their convictions for conspiring to possess with the intent to distribute and to distribute cocaine and cocaine base subjected them to maximum penalties of 20 years and 30 years, respectively, pursuant to 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001).*

Because Appellants failed to raise this claim before the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, Appellants must show that an error occurred, that the error was plain, and that the error affected their substantial rights. *See Olano*, 507 U.S. at 732; *United States v. Jackson*, 124 F.3d 607, 614 (4th Cir. 1997). If Appellants can satisfy these requirements, then we have discretion to correct the error, but we will not exercise that discretion "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732 (second alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

We conclude that Fields and Wiggs have both demonstrated error. Although Appellants' convictions on the drug conspiracy charge subjected them to maximum statutory penalties of 20 years and 30 years, respectively, *see* 21 U.S.C.A. § 841(b)(1)(C), each Appellant received a life sentence on that count. As explained in *United States v. Promise*, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc), this was error. Moreover, the error was plain. *See id.* at 160. Accordingly, we turn to the question of whether the error affected Appellants' substantial rights.

---

*Wiggs' statutory maximum sentence for Count One was greater because the district court found that Wiggs had two prior felony drug convictions. *See* 21 U.S.C.A. § 841(b)(1)(C). The *Apprendi* rule does not apply to penalty enhancements based on prior convictions. *See Apprendi*, 530 U.S. at 490.

An error affects substantial rights when it is prejudicial, *i.e.*, when it "actually affect[s] the outcome of the proceedings." *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). Fields cannot demonstrate that the error affected his substantial rights because he was convicted of 10 offenses carrying a maximum statutory penalty of 20 years each, for a total potential penalty of 200 years imprisonment. With an offense level of 43, the guidelines provided for a presumptive life sentence for Fields. *See* U.S.S.G., Ch. 5, Pt. A (sentencing table). Had the district court been aware when it sentenced Fields that the maximum penalty for his conspiracy conviction was 20 years, U.S.S.G. § 5G1.2(d) would have obligated the court to approximate a life sentence "by imposing a term of imprisonment of 240 months or less on each count of conviction and ordering those terms to be served consecutively to achieve the total punishment mandated by the guidelines." *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc). By so doing, the district court would have achieved "the functional equivalent of life without parole." *United States v. Saccoccia*, 58 F.3d 754, 786 n.28 (1st Cir. 1995) (approving a 660-year sentence imposed pursuant to § 5G1.2(d) as the functional equivalent of a life sentence). Because the district court would have been required to impose the functional equivalent of a life sentence even had it followed *Apprendi*, the imposition of a life sentence did not affect Fields' substantial rights.

In contrast to Fields, Wiggs has demonstrated prejudice from the error in imposing a sentence greater than that allowed under § 841(b)(1)(C). The statutory maximum penalties for Wiggs' crimes of conviction were 30, 20, and 20 years, respectively, for a total potential maximum penalty of 70 years imprisonment. A 70-year term would not necessarily be functionally equivalent to a life sentence because Wiggs, who was 27 when he was sentenced, could live long enough to be released after completing his sentence. Accordingly, Wiggs' substantial rights were affected by the error.

With Wiggs having satisfied the first three prongs of plain error review, we are left with the question of whether to exercise our discretion to notice the error. In *Promise*, those members of the en banc court who considered the question were equally divided regarding whether to notice an *Apprendi* error like the errors here. *Compare Promise*, 255 F.3d at 161-64 (Wilkins, J., joined by Wilkinson, C.J.,

and Williams and Traxler, JJ.) (arguing that error should not be noticed), *with id.* at 186-91 (Motz, J., joined by Widener, Michael, and King, JJ.) (arguing that error should be noticed). Thus, the question was left open for a subsequent panel. Recently, a panel of this court held that the imposition of a sentence greater than that allowed by a defendant's conviction must be noticed on plain error review. *See United States v. Cotton*, ___ F.3d ___, 2001 WL 901259, at *5-*6 (4th Cir. Aug. 10, 2001). We are bound by *Cotton* and accordingly must notice the plain error in Wiggs' sentence. *See Etheridge v. Norfolk & W. Ry. Co.*, 9 F.3d 1087, 1090 (4th Cir. 1993) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)).

## III.

After consideration of Appellants' briefs, including their pro se and supplemental briefs, we conclude that Appellants' other allegations of error are without merit. Accordingly, we affirm Appellants' convictions and Fields' sentence and remand for resentencing of Wiggs.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*