[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15654
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00625-WTH-TBS


DAVID FIELDS,

                                                          Petitioner-Appellant,

                              versus

WARDEN, FCC COLEMAN - USP II,

                                                          Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 11, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

David Fields appeals the dismissal of his petition for a writ of habeas corpus. 28 U.S.C. § 2241. The district court ruled that it lacked jurisdiction to consider Fields's petition. *See id.* §§ 2241, 2255(e). We affirm.

In 1996, a federal jury convicted Fields of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. §§ 841(a)(1), 846, one count of possession with intent to distribute cocaine base, *id.* § 841(a)(1), one count of conspiracy to launder money, *id.* § 1956(h), and seven counts of laundering money with the intent to promote "the manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance" and "knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of . . . [the] specified unlawful activity," *id.* § 1956(a)(1)(A)(i), (a)(1)(B)(i). The district court sentenced Fields to imprisonment for life for conspiring to distribute cocaine, *id.* §§ 841(a)(1), 846, and to nine terms of 240 months of imprisonment for his possession of cocaine and money laundering offenses. The district court ordered that Fields's sentences run concurrently.

Fields appealed his convictions and his sentence. *United States v. Wiggs*, 20 F. App'x 128 (4th Cir. 2001). The Fourth Circuit affirmed Fields's convictions summarily and concluded that he was not prejudiced by an error in his sentence. *Id.* at 130–31.

2

In 2002, Fields filed a motion to vacate his convictions, which the district court denied. The district court rejected as baseless Fields's arguments that his counsel was ineffective for failing to contest his convictions for money laundering. Counsel, the district court explained, moved for a judgment of acquittal during trial and argued "[o]n direct appeal . . . that the Government failed to prove [Fields] intended to further the criminal activity out of which the proceeds were derived" and "that there was no evidence to suggest he attempted to 'conceal the nature, location, source, ownership or control' of the proceeds." Fields also moved to alter or amend the judgment, Fed. R. Civ. P. 59(e), and for relief from the judgment, Fed. R. Civ. P. 60(b), but the district court denied both motions. The Fourth Circuit denied Fields's request for a certificate of appealability.

In 2010, Fields petitioned for a writ of habeas corpus. 28 U.S.C. § 2241. Fields argued that the Supreme Court in *Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994 (2008), had narrowed the definition of the word "designed" in the money laundering statute, 18 U.S.C. § 1956(a), to the point that his conduct was not punishable under the statute. The district court dismissed the petition on the grounds that Fields's argument did not fall "within the 'savings clause' of § 2255(e)" and "[i]nstead challenge[d] the validity of his sentence" and that, "to the extent [he] assert[ed] the same arguments previously considered by the

3

sentencing court and the Court of Appeals, the claims . . . [were barred by] *res judicata*."

We review *de novo* whether a prisoner may petition for a writ of habeas corpus "under the savings clause of § 2255(e)." *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013) (quoting *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013)). "We can . . . 'affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court, *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).'" *Williams*, 713 F.3d at 1341 n.2.

Few federal prisoners are entitled to pursue relief under the savings clause. A federal prisoner may petition for habeas corpus relief under section 2241 only if his previous motion to vacate was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §§ 2255(e), 2241. To proceed, the federal prisoner must prove that his claim is based on a decision of the Supreme Court that is retroactively applicable; that decision establishes he was convicted of a nonexistent offense; and circuit precedent squarely foreclosed his claim at trial, on appeal, and in his previous motion for postconviction relief. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

The district court did not err by dismissing Fields's petition. Circuit precedent did not "squarely foreclose" Fields's challenge to his convictions for money laundering. In *Cuellar*, the Supreme Court held that the word "designed" in the money laundering statute requires the government to prove "that the purpose—not merely [the] effect—of the transportation was to conceal or disguise" the source or ownership of the money. 553 U.S. at 567, 128 S. Ct. at 2005. But the Fourth Circuit already had imposed a similar requirement on the government in prosecuting cases involving money laundering. "To prove a case under section 1956(a)(1)(B)(i) or (ii) [when Fields was convicted], 'the government [had to] prove that the transaction was designed to conceal one or another of the enumerated attributes of the proceeds involved.'" *United States v. Gilliam*, 975 F.2d 1050, 1056 (4th Cir.1992); *see, e.g.*, *United States v. Hairston*, 46 F.3d 361, 374 (4th Cir. 1995). And Fields argued on direct appeal that there was insufficient evidence to suggest why he moved the proceeds of the conspiracy. Because Fields was able earlier "to test the legality of his detention," 28 U.S.C. § 2255(e), the district court lacked jurisdiction to entertain his petition for a writ of habeas corpus. *See Williams*, 713 F.3d at 1339–40.

Fields argues that he did not have to satisfy the savings clause to pursue habeas corpus relief under section 2241, but he acknowledges that argument is foreclosed by our precedent. In *Williams*, we held that the savings clause limits the

5

subject matter jurisdiction of the district court to entertain a petition for a writ of habeas corpus under section 2241. *Id.* "[U]nder this Court's prior-panel-precedent rule, 'a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.'" *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)).

We **AFFIRM** the dismissal of Fields's petition for a writ of habeas corpus.